# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK JONES, | 1:07-CV-00360 OWW SMS HC |
| Petitioner, | FINDINGS AND RECOMMENDATION REGARDING PETITION FOR WRIT OF HABEAS CORPUS |
| v. | |
| K. MENDOZA-POWERS, Warden, | |
| Respondent. | |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

**PROCEDURAL BACKGROUND**

Petitioner is currently in the custody of the California Department of Corrections pursuant to judgments of the Superior Courts of California, Counties of Los Angeles and Kern. He was convicted on May 10, 1985, of second degree murder, and on July 9, 1986, of battery upon a correctional officer. See Respondent's Answer to Petition (hereinafter "Answer"), Exhibit A. He was sentenced to serve an indeterminate term of 15 years to life with possibility of parole for the murder conviction and an additional two years for the battery conviction. Id.

On February 3, 2005, Petitioner's fifth parole suitability hearing was held before the California Board of Prison Terms (hereinafter "Board"). See Answer, Exhibit B. Petitioner participated in the hearing and was represented by counsel. Id. At the conclusion of the hearing,

1   the Board denied parole and deferred rehearing for one year. Id. at 69.

2   Petitioner then sought relief in the state courts. Petitioner filed a petition for writ of habeas corpus on March 24, 2005, in the Los Angeles County Superior Court. See Answer, Exhibit D. It was denied on June 17, 2005, in a reasoned opinion. Id. He then filed a habeas petition in the California Court of Appeal, Second Appellate District, on July 7, 2005. See Answer, Exhibit E. The petition was denied on February 15, 2006. Id. Petitioner then filed a petition for review in the California Supreme Court on March 1, 2006. See Answer, Exhibit F. The petition was denied without comment on November 1, 2006. Id.

Petitioner filed the instant petition for writ of habeas corpus in the United States District Court for the Central District of California on February 6, 2007. The petition was transferred and received in this Court on March 5, 2007. Petitioner challenges the 2005 decision of the Board denying parole. He contends the Board's decision finding him unsuitable because he poses an unreasonable risk of danger to society is unsupported by the evidence. On July 11, 2007, Respondent filed an answer to the petition. Petitioner filed a traverse on September 14, 2007.

**FACTUAL BACKGROUND**[1]

On June 23, 1984, at approximately 11:30 p.m., the victim, Tomas L. Ortiz, age 26, was standing on the southeast corner of Adams Boulevard and Kenwood Avenue in Los Angeles. With the victim were his wife and child.

Five persons, three males and two females, approached the victim and his family and encircled them. Petitioner, who was one of the five persons, produced a handgun and demanded the victim's money. When the victim failed to produce any money, Petitioner grabbed a gold chain from the victim's neck, and then fired one shot, striking him in the chest. Petitioner fled the scene. The victim was transported to California Hospital, where he died from a single gunshot wound to the chest. Based on the information from the witnesses, Petitioner was taken into custody on June 26, 1984.

---

[1] The factual background is derived from the probation officer's report of January 25, 1985, and the factual discussion in the 2005 parole hearing. See Answer, Exhibits B, C.

**DISCUSSION**

I.     Standard of Review

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which applies to all petitions for writ of habeas corpus filed after its enactment. Lindh v. Murphy, 521 U.S. 320 (1997), *cert. denied,* 522 U.S. 1008 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997), *quoting* Drinkard v. Johnson, 97 F.3d 751, 769 (5th Cir.1996), *cert. denied,* 520 U.S. 1107 (1997), *overruled on other grounds by* Lindh v. Murphy, 521 U.S. 320 (1997) (holding AEDPA only applicable to cases filed after statute's enactment). The instant petition was filed after the enactment of the AEDPA; thus, it is governed by its provisions.

Petitioner is in custody of the California Department of Corrections pursuant to a state court judgment. Even though Petitioner is not challenging the underlying state court conviction, 28 U.S.C. § 2254 remains the exclusive vehicle for his habeas petition because he meets the threshold requirement of being in custody pursuant to a state court judgment. Sass v. California Board of Prison Terms, 461 F.3d 1123, 1126-1127 (9th Cir.2006), *citing* White v. Lambert, 370 F.3d 1002, 1006 (9th Cir.2004) ("Section 2254 'is the exclusive vehicle for a habeas petition by a state prisoner in custody pursuant to a state court judgment, even when the petition is not challenging his underlying state court conviction.'").

The instant petition is reviewed under the provisions of the Antiterrorism and Effective Death Penalty Act which became effective on April 24, 1996. Lockyer v. Andrade, 538 U.S. 63, 70 (2003).  Under the AEDPA, an application for habeas corpus will not be granted unless the adjudication of the claim "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State Court proceeding." 28 U.S.C. § 2254(d); see Lockyer, 538 U.S. at 70-71; see Williams, 529 U.S. at 413.

As a threshold matter, this Court must "first decide what constitutes 'clearly established Federal law, as determined by the Supreme Court of the United States.'" Lockyer, 538 U.S. at 71,

*quoting* 28 U.S.C. § 2254(d)(1).  In ascertaining what is "clearly established Federal law," this Court must look to the "holdings, as opposed to the dicta, of [the Supreme Court's] decisions as of the time of the relevant state-court decision." Id., *quoting* Williams, 592 U.S. at 412. "In other words, 'clearly established Federal law' under § 2254(d)(1) is the governing legal principle or principles set forth by the Supreme Court at the time the state court renders its decision." Id.

Finally, this Court must consider whether the state court's decision was "contrary to, or involved an unreasonable application of, clearly established Federal law." Lockyer, 538 U.S. at 72, *quoting* 28 U.S.C. § 2254(d)(1). "Under the 'contrary to' clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the] Court has on a set of materially indistinguishable facts." Williams, 529 U.S. at 413; see also Lockyer, 538 U.S. at 72. "Under the 'reasonable application clause,' a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." Williams, 529 U.S. at 413.

"[A] federal court may not issue the writ simply because the court concludes in its independent judgment that the relevant state court decision applied clearly established federal law erroneously or incorrectly.  Rather, that application must also be unreasonable." Id. at 411. A federal habeas court making the "unreasonable application" inquiry should ask whether the state court's application of clearly established federal law was "objectively unreasonable." Id. at 409.

Petitioner has the burden of establishing that the decision of the state court is contrary to or involved an unreasonable application of United States Supreme Court precedent. Baylor v. Estelle, 94 F.3d 1321, 1325 (9th Cir. 1996).  Although only Supreme Court law is binding on the states, Ninth Circuit precedent remains relevant persuasive authority in determining whether a state court decision is objectively unreasonable. See Clark v. Murphy, 331 F.3d 1062, 1069 (9th Cir.2003); Duhaime v. Ducharme, 200 F.3d 597, 600-01 (9th Cir.1999).

AEDPA requires that we give considerable deference to state court decisions. The state

1  court's factual findings are presumed correct. 28 U.S.C. § 2254(e)(1). We are bound by a state's
2  interpretation of its own laws. Souch v. Schaivo, 289 F.3d 616, 621 (9th Cir.2002), *cert. denied*,
3  537 U.S. 859 (2002), *rehearing denied*, 537 U.S. 1149 (2003).

4        Petitioner's claims were presented on June 9, 2005, in a petition for writ of habeas corpus
5  to the Los Angeles County Superior Court. See Answer, Exhibit 6. On July 26, 2005, the superior
6  court denied the claims in a reasoned opinion. Id. Petitioner then presented those claims to the
7  appellate court and to the California Supreme Court. Both petitions were summarily denied. See
8  Answer, Exhibits 7, 8. The California Supreme Court, by its "silent order" denying review of the
9  superior court's decision, is presumed to have denied the claims presented for the same reasons
10 stated in the opinion of the superior court. Ylst v. Nunnemaker, 501 U.S. 797, 803 (1991).

11 II.    Review of Petition

12       A parole release determination is not subject to all the due process protections of an
13 adversary proceeding. Pedro v. Oregon Parole Board, 825 F.2d 1396, 1398-99 (9th Cir. 1987); see
14 also Greenholtz v. Inmates of Nebraska Penal and Corr. Complex, 442 U.S. 1, 12 (1979)
15 (explaining that due process is flexible and calls for procedural protections that particular
16 situations demand). "[S]ince the setting of a minimum term is not part of a criminal prosecution,
17 the full panoply of rights due a defendant in such a proceeding is not constitutionally mandated,
18 even when a protected liberty interest exists." Pedro, 825 F.2d at 1399; Jancsek v. Oregon Bd. of
19 Parole, 833 F.2d 1389, 1390 (9th Cir.1987). At a state parole board proceeding, an inmate is
20 guaranteed the following process: 1) the inmate must receive advance written notice of a hearing,
21 Pedro, 825 F.2d at 1399; 2) the inmate must be afforded an "opportunity to be heard,"
22 Greenholtz, 442 U.S. at 16; and 3) if the inmate is denied parole, the inmate must be told why
23 "he falls short of qualifying for parole." Id. Petitioner does not dispute that he received these
24 procedural rights.

25       "In Superintendent, Mass. Correc. Inst. v. Hill, the Supreme Court held that 'revocation
26 of *good time* does not comport with 'the minimum requirements of procedural due process,'
27 unless the findings of the prison disciplinary board are supported by *some evidence* in the
28 record.' 472 U.S. 445, 454 (1985), *quoting* Wolff v. McDonnell, 418 U.S. 539, 558 (1974)."

Sass v. California Board of Prison Terms, 461 F.3d 1123, 1128 (9th Cir.2006) (emphasis added). The Ninth Circuit has held that this same standard also extends to parole determinations. Hayward v. Marshall, 512 F.3d 536, 542 (9th Cir.2008), *citing* Irons v. Carey, 505 F.3d 846, 851 (9th Cir.2007), *quoting* Hill, 472 U.S. at 457 ("We have held that 'the Supreme Court ha[s] clearly established that a parole board's decision deprives a prisoner of due process with respect to this interest if the board's decision is not supported by 'some evidence in the record,' or is 'otherwise arbitrary.'"). In assessing "whether a state parole board's suitability determination was supported by 'some evidence' in a habeas case, our analysis is framed by the statutes and regulations governing parole suitability determinations in the relevant state." Hayward, 512 F.3d at 542, *quoting* Irons, 505 F.3d at 851. Here, the Court must look to California law and review the record. In reviewing the record and determining whether the "some evidence" standard is met, the Court need not examine the entire record, independently assess the credibility of witnesses, or re-weigh the evidence.  Sass, 461 F.3d at 1128.

California law provides that after an inmate has served the minimum term of confinement required by statute, the Board "shall set a release date unless it determines that the gravity of the current convicted offense or offenses, or the timing and gravity of current or past convicted offense or offenses, is such that consideration of the public safety requires a more lengthy period of incarceration for" the prisoner. Cal. Penal Code § 3041(b). "[I]f in the judgment of the panel the prisoner will pose an unreasonable risk of danger to society if released from prison," the prisoner must be found unsuitable and denied parole. Cal. Code Regs. tit. 15, § 2402(a). The Board decides whether a prisoner is too dangerous to be suitable for parole by applying factors it has set forth in the California Code of Regulations.

To determine whether 'some evidence' supports the state court decision, the test is not whether some evidence supports the reasons cited for denying parole, "but whether some evidence indicates a parolee's release unreasonably endangers public safety." Hayward, 512 F.3d at 543, *quoting* In re Lee, 143 Cal.App.4th 1400, 1408 (Cal.Ct.App.2006).

In denying parole in this case, the Board provided several reasons for its decision: 1) The gravity of the commitment offense; 2) Prior criminal history; and 3) Institutional behavior. See

Answer, Exhibit B at 69-71. Petitioner argues there is no evidence to support the finding that he currently poses an unreasonable risk of danger to society if released. Review of the Board's decision reveals the state court decision approving the Board's determination of unsuitability was not unreasonable.

The primary factor in the Board's determination was the commitment offense itself. The Board noted that the "offense was carried out in an unnecessary, just a violent, cruel manner." Id. at 69. Pursuant to §§ 2402(c)(1)(A), (D), the Board determined that multiple victims were attacked and the offense was carried out in a manner which demonstrates an exceptionally callous disregard for human suffering. See Answer, Exhibit B at 85. The superior court found no support for the finding that multiple victims were attacked or that the offense demonstrated an exceptionally callous disregard for human suffering. See Answer, Exhibit D. The state court noted that although the victim's family was standing nearby, they were not attacked. Id. The state court also found there was no evidence that Petitioner's demonstrated "exceptionally" callous disregard, or that the victim suffered. Id. Nevertheless, the court determined that the circumstances of the crime are more than the minimum necessary to sustain a conviction for second-degree murder. See In re Rosenkrantz, 29 Cal.4th 616, 658 (2002). Given the facts of this case, the state court finding was not unreasonable.

In addition to the commitment offense itself, the Board also noted Petitioner had a previous record of criminal violence pursuant to § 2402(c)(2). Petitioner was arrested several times as a juvenile and was convicted of burglary. See Answer, Exhibit B at 70. During his incarceration, he was convicted of battery on a correctional officer. Id. The Board determined he currently posed an unreasonable risk of danger in light of his past pattern of criminal conduct. The state court's decision was not unreasonable.

The Board also considered Petitioner's negative institutional behavior an important factor demonstrating current unsuitability. As noted above, Petitioner sustained a conviction for battery on a correctional officer. In addition, he received four serious disciplinary reports, one for assaulting an inmate, one for assaulting a correctional officer, one for aggressive behavior and one for manufacturing pruno. Id. at 71. He had also received sixteen counseling reports. Id.

1  Although the last counseling report was in 1999, the Board found the extensive and serious
2  nature of these past incidents "was troublesome." Id. In light of the record, there is some
3  evidence supporting the Board's finding of negative institutional behavior. The state court's
4  finding that Petitioner continued to pose an risk to society given this behavior was not
5  unreasonable.
6       The Board also considered various circumstances demonstrating suitability pursuant to
7  § 2402(d). The psychological report was positive. Id. at 71. In addition, Petitioner was praised for
8  having good parole plans, a job offer, and an offer of residence. Id. In addition, he possessed
9  marketable skills and had completed several vocations. Id. Petitioner was also commended for
10 his substantial participation in self-help programs to date. Id. at 72. Nevertheless, the Board
11 found these positive factors, while promising for a possible future grant of parole, did not
12 outweigh its determination that Petitioner remained an unreasonable risk of danger to society if
13 released. The nature of Petitioner's offense, his pattern of criminal conduct prior to
14 imprisonment, and his negative institutional behavior were more indicative of a current danger to
15 the public if released. This Court cannot conclude that the state court rejection of Petitioner's
16 claim - that the Board's determination was not supported by some evidence - was unreasonable.
17      Petitioner also contends the Board failed to consider proportionality as contemplated in
18 Cal. Penal Code § 3041(a) in determining the ultimate length of his sentence. This argument fails
19 because claims that the Board failed to follow state law are not cognizable on federal habeas
20 review. See Estelle v. McGuire, 502 U.S. 62, 67-68 (1991).
21      Petitioner also argues the Board improperly relied on a gun enhancement charge that was
22 stricken by the sentencing court. Petitioner claims the gun use charge was utilized by the Board
23 to enhance his crime. There is no merit to this claim. The Board addressed the fact that there was
24 apparent confusion in the record as to whether the gun use enhancement was stricken. It found
25 the state court had not yet resolved the Board's questions on the enhancement's validity.
26 Nevertheless, the Board did not consider the enhancement for any purpose in determining the
27 length of the sentence, because that consideration was ultimately not before the Board. The
28 Board acknowledged Petitioner was serving an indeterminate life sentence for murder and he had

passed his minimum eligible parole date. The Board's sole decision was to determine whether Petitioner posed an unreasonable risk of danger to society and therefore entitled to the setting of a parole release date. The Board does not calculate the actual parole date until and unless the Board finds Petitioner suitable, which it did not. See Cal. Penal Code § 3041. In addition, to the extent Petitioner argues the enhancement should not have been considered with respect to the facts of the case, the claim is likewise without merit. There is no question Petitioner shot and killed the victim with a gun. Therefore, because the validity of the sentencing enhancement was irrelevant to whether the Board considered Petitioner an unreasonable risk of danger to society, the claim should be rejected.

**RECOMMENDATION**

Based on the foregoing, it is HEREBY RECOMMENDED that:

1.   The Petition for Writ of Habeas Corpus be DENIED; and

2.   The Clerk of Court be DIRECTED to enter judgment for Respondent.

This Findings and Recommendation is submitted to the Honorable Oliver W. Wanger, United States District Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California.  Within thirty (30) days after being served with a copy of this Findings and Recommendation, any party may file written objections with the Court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  Replies to the Objections shall be served and filed within ten (10) court days (plus three days if served by mail) after service of the Objections.  The Finding and Recommendation will then be submitted to the District Court for review of the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  The parties are advised that failure to file objections within the specified time may waive the right to appeal the Order of the District Court. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:   April 25, 2008**          /s/ Sandra M. Snyder
                                     UNITED STATES MAGISTRATE JUDGE